**JONATHAN M. PROMAN, ESQ.**
Attorney ID No. 025832004
30 Wall Street, Eighth Floor
New York, New York 10005
(917) 524-7566
jproman@promanlaw.com
*Attorneys for Plaintiffs*
*Merwick Healthcare and Rehab Center LLC,*
*Venetian Healthcare and Rehab Center LLC,*
*Merwick Propco Urban Renewal LLC,*
*and Venetian Propco LLC*

**FILED**

**May 28, 2026**

**Hon. Gary K. Wolinetz, J.S.C.**

AMENDED

---

| | |
|---|---|
| MERWICK HEALTHCARE AND REHAB CENTER LLC, VENETIAN HEALTHCARE AND REHAB CENTER LLC, MERWICK PROPCO URBAN RENEWAL LLC, and VENETIAN PROPCO LLC, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY Docket No. MID-L-          -26 Civil Action CBLP Action |

Plaintiffs,

- against -

MICHAEL JACOBS, JOSHUA JACOBS,
HYMAN JACOBS, DAVID JACOBS,
ANDREW MASETTI, CHRISTOPHER
METTERNICH, MILLSTONE RIVERVIEW
REAL ESTATE URBAN RENEWAL LLC,
VENETIAN HEALTHCARE, LLC, and
DOE DEFENDANTS 1-10,

Defendants.

AMENDED
**ORDER TO SHOW CAUSE**
**WITH TEMPORARY RESTRAINTS**
**PURSUANT TO RULE 4:52**

---

This matter being brought before the court by Jonathan M. Proman, Esq., attorney for the

plaintiffs, seeking relief by way of temporary restraints pursuant to *Rule* 4:52, based upon the

verified complaint, brief, and certification of Yitzchok Rokowsky, each dated May 13, 2026, and

filed herewith; and the defendants having received notice of this application, and for good cause

shown:

It is on this _____28th_____ day of May 2026, **ORDERED** that defendants (i) Michael Jacobs;

(ii) Joshua Jacobs; (iii) Hyman Jacobs; (iv) David Jacobs; (v) Andrew Masetti; (vi) Christopher

Metternich; (vii) Millstone Riverview Real Estate Urban Renewal LLC; and (viii) Venetian

Healthcare, LLC, appear and show cause before the Superior Court at the Middlesex County

Courthouse, located at 56 Paterson Street, New Brunswick, New Jersey, at 1:30 p.m., or as soon

thereafter as counsel can be heard, on the 10th day of _____July_, 2026, why an order should not

be issued:

A. directing the defendants to turn over all property in their possession, custody or
control owned by, and held in trust for, plaintiffs, pursuant to Section 9(d) of the
Operations Transfer Agreements for the purchase of the Middlesex County skilled
nursing facilities ("SNFs") that are the subject of this action (the "Trust Property"),
whether such Trust Property is located in or outside of New Jersey, except for
property subject to the exclusive jurisdiction of a bankruptcy court and/or automatic
stay in the cases of the non-party Bankruptcy Debtors (as hereafter defined), to
plaintiffs Merwick Healthcare and Rehab Center LLC and Venetian Healthcare and
Rehab Center LLC, as applicable, who are the new operators of the SNFs, at their
registered offices, each located at 1608 Route 88, Suite 200, Brick, New Jersey
08724, within one business day of defendants' receipt of an Order directing them to
do so or within one business day of defendants' subsequent receipt of additional Trust
Property;[1]

B. enjoining and restraining the defendants, and any and all of their officers, directors,
managers, employees, members, representatives, affiliates, parents, subsidiaries,
successors, assigns, agents, executors, and administrators, and those acting in concert
with and on their behalf, from dissipating, conveying, transferring, removing,
encumbering, assigning or disposing of Trust Property, now or in the future in their
possession, custody or control, to any person other than plaintiffs Merwick
Healthcare and Rehab Center LLC and Venetian Healthcare and Rehab Center LLC,
whether such Trust Property is located in or outside of New Jersey, except for
property subject to the exclusive jurisdiction of the bankruptcy court and/or automatic

---

[1] The "Bankruptcy Debtors" -- each of whom, on or about April 23, 2026, filed voluntary petitions for bankruptcy
protection in the United States Bankruptcy Court for the District of New Jersey -- are: (i) Merwick Care &
Rehabilitation Center, LLC (Case No. 26-14509-VFP); (ii) The Venetian Care & Rehabilitation Center, LLC (Case
No. 26-14510-VFP); (iii) Windsor Healthcare Management Limited Liability Company (Case No. 26-14511-VFP);
(iv) Ashbrook Care & Rehabilitation Center, LLC (Case No. 26-14512-VFP); (v) Llanfair House Care &
Rehabilitation Center, LLC (Case No. 26-14513-VFP); (vi) Greenbrook Manor Care & Rehabilitation Center, LLC
(Case No. 26-14514-VFP); (vii) Cornell Hall Care & Rehabilitation Center, LLC (Case No. 26-14515-VFP); (viii)
The Canterbury at Cedar Grove Care & Rehabilitation Center, LLC (Case No. 26-14516-VFP); and (ix) The
Buckingham at Norwood Care & Rehabilitation Center, LLC (Case No. 26-14517-VFP).

stay in the cases of the non-party Bankruptcy Debtors, and to the extent not already turned over to such plaintiffs pursuant to an Order of this Court;

C.  directing the defendants to account to plaintiffs Merwick Healthcare and Rehab Center LLC and Venetian Healthcare and Rehab Center LLC for all transactions relating to Trust Property, from December 2, 2024 to the date of such accounting, including without limitation the Trust Property, disposition thereof, identification of persons who received Trust Property, and the financial institution account(s) at which Trust Property now or previously has been held or transferred to;

D.  directing the defendants to take all necessary steps to effect pursuant to the parties' sale agreements issuance of license numbers and transfer of provider numbers to plaintiffs Merwick Healthcare and Rehab Center LLC and Venetian Healthcare and Rehab Center LLC; and

E.  granting such other relief as the Court deems equitable and just.

And it is further **ORDERED** that pending the return date herein and the determination of

this motion, defendants are enjoined and restrained from:

A.  ~~encumbering, pledging, hypothecating, impairing, dissipating, conveying, transferring, removing, assigning or disposing of Trust Property, whether now or in the future in defendants' possession, custody or control, located in or outside of New Jersey, to any person (including without limitation a corporation, limited liability company or other entity or association), except that defendants shall turn over the Trust Property to plaintiffs Merwick Healthcare and Rehab Center LLC and Venetian Healthcare and Rehab Center LLC, as applicable, at their above registered offices, within one business day of defendants' receipt of this Order, except for property subject to the exclusive jurisdiction of the bankruptcy court and/or automatic stay in the cases of the non-party Bankruptcy Debtors~~ *This provision for temporary restraints does not comply with the standards set forth in Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982); and

B.  destroying, erasing, mutilating, concealing, altering, or otherwise impairing, in any manner, the defendants' books and records, including but not limited to electronic and paper books and records, laptop and other computers and software, bank records, accounts receivable records, and ledgers, in their possession, custody or control, relating to Trust Property.

And it is further **ORDERED** that:

1.      A copy of this order to show cause, and all papers in support thereof and the

verified complaint, must be served upon the defendants personally in accordance with *Rule* 4:4-3

and *Rule* 4:4-4, or pursuant to the parties' contractual agreements (Asset Purchase Agreements §

16(f)) by certified mail - return receipt requested, within 3 days of the date hereof, this being

original process.

2.      Plaintiffs shall file with the Court their proof of service of the above documents

upon the defendants no later than three (3) days before the return date.

3.      The defendants must file and serve a written response to this order to show cause

and the request for entry of injunctive relief and proof of service by the ___19th___ day of

_____June_____, 2026.  The original documents must be filed with the Clerk of the Superior

Court in the county listed above.  A directory of these offices is available in the Civil Division

Management Office in the county listed above and online at njcourts.gov.  You must send a copy

of your opposition papers directly to Judge Gary K. Wolinetz, whose address is 56 Paterson

Street, New Brunswick, New Jersey.  You must also send a copy of your opposition papers to the

plaintiffs' attorney whose name and address appears above, or to the plaintiffs, if no attorney is

named above.  A telephone call will not protect your rights; you must file your opposition and

pay the required fee of $175 and serve your opposition on your adversary, if you want the court

to hear your opposition to the injunctive relief the plaintiffs are seeking.

4.      The plaintiffs must file and serve any written reply to the defendants' order to

show cause opposition by _____June ~~16,~~ 26 2026_____.  The reply papers must be filed with

the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be

sent directly to the chambers of Judge Gary K. Wolinetz.

5.      If the defendants do not file and serve an opposition to this order to show cause,

the application will be decided on the papers on the return date and relief may be granted by

default, provided that the plaintiffs file a proof of service and a proposed form of order at least three (3) days prior to the return date.

6.      If the plaintiffs have not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

7.      Defendants take notice that the plaintiffs have filed a lawsuit against you in the Superior Court of New Jersey.  The verified complaint attached to this order to show cause states the basis of the lawsuit.  If you dispute this complaint, you, or your attorney, must file a written answer to the Complaint and proof of service within 35 days from the date of service of this order to show cause; not counting the day you received it.

 These documents must be filed with the Clerk of the Superior Court in the county listed above.  A directory of these offices is available in the Civil Division Management Office in the county listed above and online at njcourts.gov.  Include a $175 filing fee payable to the "Treasurer State of New Jersey."  You must also send a copy of your answer to the plaintiffs' attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve your answer (with the fee) or judgment may be entered against you by default.  Please note: opposition to the order to show cause is not an answer and you must file both.  Please note further: if you do not file and serve an answer within 35 days of this Order, the Court may enter a default against you for the relief plaintiffs demand.

8.      If you cannot afford an attorney, you may call the Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal

assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at njcourts.gov.

9.      The court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than __7___ days before the return date.

/s/ Gary K. Wolinetz
GARY K. WOLINETZ, J.S.C.

**JONATHAN M. PROMAN, ESQ.**
Attorney ID No. 025832004
30 Wall Street, Eighth Floor
New York, New York 10005
(917) 524-7566
jproman@promanlaw.com
*Attorneys for Plaintiffs*
*Merwick Healthcare and Rehab Center LLC,*
*Venetian Healthcare and Rehab Center LLC,*
*Merwick Propco Urban Renewal LLC,*
*and Venetian Propco LLC*

**FILED**

**May 28, 2026**

**Hon. Gary K. Wolinetz, J.S.C.**

---

MERWICK HEALTHCARE AND REHAB
CENTER LLC, VENETIAN HEALTHCARE
AND REHAB CENTER LLC, MERWICK
PROPCO URBAN RENEWAL LLC, and
VENETIAN PROPCO LLC,

                                  Plaintiffs,

                - against -

MICHAEL JACOBS, JOSHUA JACOBS,
HYMAN JACOBS, DAVID JACOBS,
ANDREW MASETTI, CHRISTOPHER
METTERNICH, MILLSTONE RIVERVIEW
REAL ESTATE URBAN RENEWAL LLC,
VENETIAN HEALTHCARE, LLC, and
DOE DEFENDANTS 1-10,

                                  Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
Docket No. MID-L-       -26
Civil Action
CBLP Action

**ORDER TO SHOW CAUSE**
**WITH TEMPORARY RESTRAINTS**
**PURSUANT TO RULE 4:52**

---

       This matter being brought before the court by Jonathan M. Proman, Esq., attorney for the plaintiffs, seeking relief by way of temporary restraints pursuant to *Rule* 4:52, based upon the verified complaint, brief, and certification of Yitzchok Rokowsky, each dated May 13, 2026, and filed herewith; and the defendants having received notice of this application, and for good cause shown:

It is on this ___28th___ day of May 2026, **ORDERED** that defendants (i) Michael Jacobs;

(ii) Joshua Jacobs; (iii) Hyman Jacobs; (iv) David Jacobs; (v) Andrew Masetti; (vi) Christopher

Metternich; (vii) Millstone Riverview Real Estate Urban Renewal LLC; and (viii) Venetian

Healthcare, LLC, appear and show cause before the Superior Court at the Middlesex County

Courthouse, located at 56 Paterson Street, New Brunswick, New Jersey, at 1:30 p.m., or as soon

thereafter as counsel can be heard, on the 10th day of _____July_, 2026, why an order should not

be issued:

A. directing the defendants to turn over all property in their possession, custody or
control owned by, and held in trust for, plaintiffs, pursuant to Section 9(d) of the
Operations Transfer Agreements for the purchase of the Middlesex County skilled
nursing facilities ("SNFs") that are the subject of this action (the "Trust Property"),
whether such Trust Property is located in or outside of New Jersey, except for
property subject to the exclusive jurisdiction of a bankruptcy court and/or automatic
stay in the cases of the non-party Bankruptcy Debtors (as hereafter defined), to
plaintiffs Merwick Healthcare and Rehab Center LLC and Venetian Healthcare and
Rehab Center LLC, as applicable, who are the new operators of the SNFs, at their
registered offices, each located at 1608 Route 88, Suite 200, Brick, New Jersey
08724, within one business day of defendants' receipt of an Order directing them to
do so or within one business day of defendants' subsequent receipt of additional Trust
Property;[1]

B. enjoining and restraining the defendants, and any and all of their officers, directors,
managers, employees, members, representatives, affiliates, parents, subsidiaries,
successors, assigns, agents, executors, and administrators, and those acting in concert
with and on their behalf, from dissipating, conveying, transferring, removing,
encumbering, assigning or disposing of Trust Property, now or in the future in their
possession, custody or control, to any person other than plaintiffs Merwick
Healthcare and Rehab Center LLC and Venetian Healthcare and Rehab Center LLC,
whether such Trust Property is located in or outside of New Jersey, except for
property subject to the exclusive jurisdiction of the bankruptcy court and/or automatic

---

[1] The "Bankruptcy Debtors" -- each of whom, on or about April 23, 2026, filed voluntary petitions for bankruptcy protection in the United States Bankruptcy Court for the District of New Jersey -- are: (i) Merwick Care & Rehabilitation Center, LLC (Case No. 26-14509-VFP); (ii) The Venetian Care & Rehabilitation Center, LLC (Case No. 26-14510-VFP); (iii) Windsor Healthcare Management Limited Liability Company (Case No. 26-14511-VFP); (iv) Ashbrook Care & Rehabilitation Center, LLC (Case No. 26-14512-VFP); (v) Llanfair House Care & Rehabilitation Center, LLC (Case No. 26-14513-VFP); (vi) Greenbrook Manor Care & Rehabilitation Center, LLC (Case No. 26-14514-VFP); (vii) Cornell Hall Care & Rehabilitation Center, LLC (Case No. 26-14515-VFP); (viii) The Canterbury at Cedar Grove Care & Rehabilitation Center, LLC (Case No. 26-14516-VFP); and (ix) The Buckingham at Norwood Care & Rehabilitation Center, LLC (Case No. 26-14517-VFP).

stay in the cases of the non-party Bankruptcy Debtors, and to the extent not already turned over to such plaintiffs pursuant to an Order of this Court;

C.  directing the defendants to account to plaintiffs Merwick Healthcare and Rehab Center LLC and Venetian Healthcare and Rehab Center LLC for all transactions relating to Trust Property, from December 2, 2024 to the date of such accounting, including without limitation the Trust Property, disposition thereof, identification of persons who received Trust Property, and the financial institution account(s) at which Trust Property now or previously has been held or transferred to;

D.  directing the defendants to take all necessary steps to effect pursuant to the parties' sale agreements issuance of license numbers and transfer of provider numbers to plaintiffs Merwick Healthcare and Rehab Center LLC and Venetian Healthcare and Rehab Center LLC; and

E.  granting such other relief as the Court deems equitable and just.

And it is further **ORDERED** that pending the return date herein and the determination of

this motion, defendants are enjoined and restrained from:

A.  ~~encumbering, pledging, hypothecating, impairing, dissipating, conveying, transferring, removing, assigning or disposing of Trust Property, whether now or in the future in defendants' possession, custody or control, located in or outside of New Jersey, to any person (including without limitation a corporation, limited liability company or other entity or association), except that defendants shall turn over the Trust Property to plaintiffs Merwick Healthcare and Rehab Center LLC and Venetian Healthcare and Rehab Center LLC, as applicable, at their above registered offices, within one business day of defendants' receipt of this Order, except for property subject to the exclusive jurisdiction of the bankruptcy court and/or automatic stay in the cases of the non-party Bankruptcy Debtors~~ *This provision for temporary restraints does not comply with the standards set forth in Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982); and

B.  destroying, erasing, mutilating, concealing, altering, or otherwise impairing, in any manner, the defendants' books and records, including but not limited to electronic and paper books and records, laptop and other computers and software, bank records, accounts receivable records, and ledgers, in their possession, custody or control, relating to Trust Property.

And it is further **ORDERED** that:

1.  A copy of this order to show cause, and all papers in support thereof and the

verified complaint, must be served upon the defendants personally in accordance with *Rule* 4:4-3

and *Rule* 4:4-4, or pursuant to the parties' contractual agreements (Asset Purchase Agreements §

16(f)) by certified mail - return receipt requested, within 3 days of the date hereof, this being

original process.

2.      Plaintiffs shall file with the Court their proof of service of the above documents

upon the defendants no later than three (3) days before the return date.

3.      The defendants must file and serve a written response to this order to show cause

and the request for entry of injunctive relief and proof of service by the __19th__ day of

_____June_____, 2026.  The original documents must be filed with the Clerk of the Superior

Court in the county listed above.  A directory of these offices is available in the Civil Division

Management Office in the county listed above and online at njcourts.gov.  You must send a copy

of your opposition papers directly to Judge Gary K. Wolinetz, whose address is 56 Paterson

Street, New Brunswick, New Jersey.  You must also send a copy of your opposition papers to the

plaintiffs' attorney whose name and address appears above, or to the plaintiffs, if no attorney is

named above.  A telephone call will not protect your rights; you must file your opposition and

pay the required fee of $175 and serve your opposition on your adversary, if you want the court

to hear your opposition to the injunctive relief the plaintiffs are seeking.

4.      The plaintiffs must file and serve any written reply to the defendants' order to

show cause opposition by _____June 16, 2026_____.  The reply papers must be filed with

the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be

sent directly to the chambers of Judge Gary K. Wolinetz.

5.      If the defendants do not file and serve an opposition to this order to show cause,

the application will be decided on the papers on the return date and relief may be granted by

default, provided that the plaintiffs file a proof of service and a proposed form of order at least three (3) days prior to the return date.

6.     If the plaintiffs have not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

7.     Defendants take notice that the plaintiffs have filed a lawsuit against you in the Superior Court of New Jersey.  The verified complaint attached to this order to show cause states the basis of the lawsuit.  If you dispute this complaint, you, or your attorney, must file a written answer to the Complaint and proof of service within 35 days from the date of service of this order to show cause; not counting the day you received it.

These documents must be filed with the Clerk of the Superior Court in the county listed above.  A directory of these offices is available in the Civil Division Management Office in the county listed above and online at njcourts.gov.  Include a $175 filing fee payable to the "Treasurer State of New Jersey."  You must also send a copy of your answer to the plaintiffs' attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve your answer (with the fee) or judgment may be entered against you by default.  Please note: opposition to the order to show cause is not an answer and you must file both.  Please note further: if you do not file and serve an answer within 35 days of this Order, the Court may enter a default against you for the relief plaintiffs demand.

8.     If you cannot afford an attorney, you may call the Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal

assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at njcourts.gov.

9.      The court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than __7___ days before the return date.

/s/ Gary K. Wolinetz

GARY K. WOLINETZ, J.S.C.