**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**EMMET, MARVIN & MARTIN, LLP**
Thomas A. Pitta, Esq.
Jennifer R. Pierce, Esq.
120 Broadway 32nd Floor
New York, New York 10271
(212) 238-3000 (Telephone)

Order Filed on May 4, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

Venetian Care & Rehabilitation Center, LLC,

Debtor.[1]

Chapter 11

Case No. 26-14510(VFP)

Judge Vincent F. Papalia

(Joint Administration Requested)

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE
TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN
PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING
BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY
TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS
TO POSTPETITION INTERCOMPANY CLAIMS,
AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through fifteen (15), is

hereby **ORDERED**.

**DATED: May 4, 2026**

_____
Honorable Vincent F. Papalia
United States Bankruptcy Judge

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Venetian Care & Rehabilitation Center, LLC (3447); Windsor Healthcare Management, LLC (8442); Buckingham at Norwood Care & Rehabilitation Center, LLC (8881); Ashbrook Care & Rehabilitation Center LLC (8833); Cornell Hall Care & Rehabilitation Center LLC (9141); Greenbrook Manor Care & Rehabilitation Center LLC (9365); Llanfair House Care & Rehabilitation Center LLC (9620); Merwick Care & Rehabilitation Center, LLC (9389); Canterbury at Cedar Grove Care & Rehabilitation Center LLC (8863). The location of the Debtors' principal place of business is 100 McClellan Street, Norwood, NJ 07648.

9291958v.4

Page (2)

| | |
|---|---|
| Debtors: | VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.* |
| Case No.: | 26-14510(VFP) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF |

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing the Debtors to (i) continue to operate their Cash Management System, (ii) honor certain prepetition obligations related thereto, (iii) maintain existing business forms; and (iv) continue to perform Intercompany Transactions (as defined below) consistent with historical practice; (b) granting administrative expense status to post-petition Intercompany Claims; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

9291958v.4

Page (3)

| | |
|---|---|
| Debtors: | VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.* |
| Case No.: | 26-14510(VFP) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF |

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on **May 21, 2026, at 11:30 a.m., prevailing Eastern Time**. Objections or responses to entry of a final order on the Motion shall be filed **on or before 4:00 p.m., prevailing Eastern Time, on May 18, 2026**. If no objections are filed to the Motion, this Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      The Debtors are authorized, on an interim basis, but not directed to: (a) continue operating the Cash Management System maintained by the Debtors before the Petition Date, as described in the Motion; (b) honor their prepetition obligations related thereto; (c) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession, provided the Debtors shall use best reasonable efforts to have such forms refer to their status as debtors in possession; (d) continue to perform Intercompany Transactions in the ordinary course of business and on the same terms and consistent with past practice (including with respect to transaction amounts); (e) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit A** to the Motion, in the names and with the account numbers existing immediately before the Petition Date, without the need to comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines requiring the opening of separate debtor in possession accounts; (f) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (g) deposit funds in and withdraw funds from the Bank Accounts

9291958v.4

Page (4)

| | |
|---|---|
| Debtors: | VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.* |
| Case No.: | 26-14510(VFP) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF |

by all usual means, including checks, wire transfers, and other debits; and (h) pay the Bank Fees, including any prepetition amounts and any ordinary course Bank Fees incurred in connection with the Bank Accounts and to otherwise perform their obligations under the documents governing the Bank Accounts provided that in each case, such action is taken in the ordinary course of business and consistent with historical practices. Notwithstanding the foregoing, once the Debtors have exhausted their existing supply of correspondence, business forms stock and checks, the Debtors will obtain new business forms stock and checks reflecting their status as "Debtors-in-Possession" and include the corresponding lead bankruptcy case number on all checks. Further, within fourteen (14) days of entry of this Interim Order, the Debtors shall update any electronically produced checks to reflect their status as "Debtors-in-Possession" and to include the corresponding lead bankruptcy case number.

4.      The Cash Management Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with historical practices and the Cash Management System, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Debtor Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order; provided that the Debtors shall only instruct or request any Cash Management Bank to pay or honor any

9291958v.4

Page (5)
Debtors:            VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.*
Case No.:           26-14510(VFP)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE
                    TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR
                    CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C)
                    MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO
                    PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING
                    ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION
                    INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF

check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Cash Management Bank for payment after the Petition Date as authorized by an order of the Court.

5.      The Cash Management Banks are authorized to debit the Debtors' accounts in the ordinary course of business, consistent with historical practices, without the need for further order of this Court for: (a) all checks drawn on the Debtors' accounts which are cashed at the Cash Management Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtors' accounts with the Cash Management Banks prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Cash Management Banks as service charges for the maintenance of the Cash Management System.

6.      Any existing deposit agreements between or among the Debtors, the Cash Management Banks, and other parties shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions and any blocked account control agreements, shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and the Cash Management Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and cash management

9291958v.4

Page (6)

Debtors:              VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.*

Case No.:             26-14510(VFP)

Caption of Order:     INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF

procedures in the ordinary course of business, consistent with historical practices, including, without limitation, the opening and closing of bank accounts, subject to the terms and conditions of this Interim Order.

7.      To the extent any of the Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until a date that is thirty (30) days from entry of this Interim Order, or such longer time as agreed with the U.S. Trustee, without prejudice to seeking additional extensions from the Court, to either come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines or to make such other arrangements as are agreed to by the U.S. Trustee or approved by the Court; provided that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.

8.      For the Cash Management Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement for the District of New Jersey, within five (5) days of the date of entry of this Interim Order, the Debtors shall (a) contact the Cash Management Banks, (b) provide the Cash Management Banks with each of the Debtors' employer identification numbers, and (c) identify each of the Bank Accounts held at the Cash Management Banks as being held by a debtor in possession in the Debtors' bankruptcy cases, and provide the case number.

9.      To the extent any banks at which the Debtors hold Debtor Accounts are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith

9291958v.4

Page (7)
Debtors:            VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.*
Case No.:           26-14510(VFP)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF

efforts to cause the banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Interim Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully preserved.

10.    Subject to the terms hereof, the Debtors are authorized in the ordinary course of business and consistent with historical practices, to open any new bank accounts or close any existing bank accounts and enter into any ancillary agreements, including deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate. The relief granted in this Interim Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a "Debtor Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Cash Management Bank"; provided that any new domestic bank account opened by the Debtors shall be established at an institution that is (a) a party to a Uniform Depository Agreement with the U.S. Trustee for the District of New Jersey or is willing to immediately execute a Uniform Depository Agreement, and (b) bound by the terms of this Interim Order. The Debtors shall provide notice within five (5) days to the U.S. Trustee and counsel to any statutory committees of the opening of a new Bank Account or closing of any Bank Account. In addition, the opening or closing of any Bank Account shall be timely indicated on the Debtors' monthly operating reports. The U.S. Trustee and any statutory committees appointed in these chapter 11 cases will have fourteen (14)

9291958v.4

Page (8)

| | |
|---|---|
| Debtors: | VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.* |
| Case No.: | 26-14510(VFP) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF |

days from receipt of such notice to file any objection with regard to the opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtors, the U.S. Trustee, and/or any statutory committees appointed in these chapter 11 cases. Any new debtor-in-possession bank account must bear the designation "Debtor-in-Possession" and designated as "Debtor-in-Possession" accounts with the case number.

11.     All banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue timely stop payment orders in accordance with the documents governing such Bank Accounts.

12.     The Cash Management Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Debtor Bank Accounts in the ordinary course of business consistent with historical practices.

13.     The Cash Management Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

14.     Subject to the terms set forth herein, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors with respect to whether any check, draft,

9291958v.4

Page (9)

| | |
|---|---|
| Debtors: | VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.* |
| Case No.: | 26-14510(VFP) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF |

wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall not be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

15.    Any banks, including the Cash Management Banks, are further authorized to honor the directions of the Debtors with respect to the opening and closing of any Debtor Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the joint instructions of the Debtors, provided that the Cash Management Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law. The Debtors shall provide notice within five (5) business days to the U.S. Trustee and counsel to any statutory committees of any action taken pursuant to this ordered paragraph; the U.S. Trustee and any statutory committees appointed in these chapter 11 cases will have fourteen (14) days from receipt of such notice to file any objection thereto, or such later date as may be extended by the Court or agreed to between the Debtors, the U.S. Trustee, and/or any statutory committees appointed in these chapter 11 cases.

9291958v.4

Page (10)

| | |
|---|---|
| Debtors: | VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.* |
| Case No.: | 26-14510(VFP) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF |

16.     The Debtors are authorized to enter into, engage in, and satisfy any payments in connection with the Intercompany Transactions, including those related to transfers to the New Operators, and to take any actions related thereto, in each case on the same terms as (including with respect to amount), in the ordinary course and consistent with past practice.

17.     The Debtors are authorized to continue engaging in Intercompany Transactions (including with respect to "netting" or setoffs) in connection with the Cash Management System in the ordinary course of business on a post-petition basis in a manner consistent with the Debtors' past practice. For the avoidance of doubt, the Debtors are also authorized to continue Intercompany Transactions arising from or related to the operation of the businesses, including Intercompany Transactions with the New Operators to the extent ordinary course and consistent with past practice.

18.     The Debtors shall maintain accurate and detailed records of all Intercompany Transactions and the payment of Intercompany Claims so that all transactions may be readily traced, ascertained, and recorded properly on applicable intercompany accounts (if any) and distinguished between prepetition and postpetition transactions for the purposes of determining whether such Intercompany Transactions are entitled to administrative expense status. Such information shall be included in the monthly operating report.

19.     The Debtors receive and hold in trust for the benefit of the New Operators all amounts received on account of post-closing services performed at the skilled nursing facilities pursuant to the OTAs ("Post-Closing Receipts"). To the extent a Debtor received or receives any

9291958v.4

Page (11)

| | |
|---|---|
| Debtors: | VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.* |
| Case No.: | 26-14510(VFP) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF |

Post-Closing Receipts on or after the Petition Date, the Debtor shall (a) transfer from the Debtor accounts and maintain such funds in a segregated account pending remittance to the applicable New Operator; and (b) remit (i) 70% of the Post-Closing Receipts to the applicable New Operator no later than two (2) business days after such receipt and (ii) any remaining amounts owed to the New Operators on account of the Post-Closing Receipts within two (2) business days of confirmation that such funds are property of the New Operator. The Debtors shall perform a reconciliation of the Post-Closing Receipts not less than weekly and promptly remit the amounts required to be paid to the relevant New Operators in accordance with the prior sentence.

20.     Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

21.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

9291958v.4

Page (12)

| | |
|---|---|
| Debtors: | VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.* |
| Case No.: | 26-14510(VFP) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF |

22.     Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order except as otherwise provided in this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

23.     The Debtors shall maintain records of all transfers within the Cash Management System, so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the Debtors' books and records, to the same extent as maintained prior to the commencement of these chapter 11 cases.

24.     The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

9291958v.4

Page (13)

| | |
|---|---|
| Debtors: | VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.* |
| Case No.: | 26-14510(VFP) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF |

as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Interim Order.

25.     Notwithstanding anything to the contrary in the Motion or this Interim Order, any payment made or authorization hereunder shall be subject to the applicable budget and/or cash collateral authorization requirements imposed on the Debtors under any order(s) of this Court authorizing the Debtors' use of cash collateral and post-petition debtor-in-possession financing facilities, including any order(s) authorizing post-petition financing.

26.     Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

27.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

28.     Notwithstanding Bankruptcy Rules 6004(h) and 4001(a), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

29.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

30.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

31.     This Court retains exclusive jurisdiction with respect to all matters arising from or

9291958v.4

Page (14)

Debtors:            VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.*

Case No.:           26-14510(VFP)

Caption of Order:   INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF

related to the implementation, interpretation, and enforcement of this Interim Order.

9291958v.4

9291958v.4