

Seth Goldberg
Partner
2005 Market Street
One Commerce Square
Suite 3150
Philadelphia, PA 19103
Direct: 267.319.7767
Fax: 201.488.5556
sgoldberg@pashmanstein.com

June 30, 2026

**<u>VIA ECOURTS</u>**
Honorable Vincent F. Papalia
United States Bankrtupcy Court
50 Walnut Street
Courtroom 3B
Newark, NJ  07102

> **Re:  *Merwick Healthcare and Rehab Center, LLC v. Jacobs, et al. (In re The Venetian Care & Rehabilitation Center, LLC, et al.*), Adv. No. 26-01239**

Dear Judge Papalia,

My firm represents the defendants (the "<u>Defendants</u>") in the above-referenced adversary proceeding (the "<u>Adversary Proceeding</u>") currently pending before this Court.  The Adversary Proceeding is an action the Defendants removed from the Superior Court of New Jersey (the "<u>State Court</u>) on May 29, 2026 by filing a Notice of Removal (the "<u>Removal Notice</u>") [Adv. Pr. D.I. 1]. I write regarding the plaintiffs' (the "<u>Plaintiffs</u>") request for entry of default and default judgment against the Defendants, filed in the Adversary Proceeding yesterday evening (the "<u>Request for Default</u>") [Adv. Pr. D.I. 20].

By the Request for Default, the Plaintiffs represent that the Defendants have failed to answer or otherwise respond in accordance with the timeline set forth in Rule 9027(g)(2) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), applying to actions removed from another court.  <u>Request for Default</u>, at ¶¶15-18.  Plaintiffs take the position that the deadline for Defendants to do so was June 22, 2026.

As the Court may be aware, on May 28, 2026, the day before the Defendants filed the Removal Notice in this Court, the State Court issued an Amended Order to Show Cause (the "<u>Show Cause Order</u>"), which related to injunctive relief the Plaintiffs were seeking in the State Court and provided in relevant part that the Defendants were required to file and serve a response to the Show Cause Order by June 19, 2026 (the "<u>Show Cause Response Deadline</u>").  Pursuant to Bankruptcy Rule 9027(i)(3), the Defendants proceeded with the understanding that the Show Cause Response Deadline remained operative in the Adversary Proceeding, and accordingly intended to file responsive briefing on or before June 19, 2026.

Hackensack, NJ   |   Holmdel, NJ   |   New York, NY   |   Wilmington, DE   |   Philadelphia, PA

www.pashmanstein.com



June 30, 2026
Page 2

On June 3, 2026, counsel for the Plaintiffs filed a letter with this Court requesting that the Court issue a summons upon each of the Defendants (the "Summons Request") [Adv. Pr. D.I. 4]. The Summons Request also previewed that "[t]he plaintiffs intend to file a motion for remand to state court or to abstain from the proceeding, but still wish to respectfully request that this Court issue a summons in the form annexed as Exhibit 1."  The form of summons attached to the Summons Request (the "Proposed Summons") provided that the Defendants answer or otherwise respond within 30 days after issuance.

Consistent with their statement in the Summons Request, on June 12, 2026, the Plaintiffs filed a statement pursuant to Rule 9027(e)(3) (the "Notice of Intent to Remove") [Adv. Pr. D.I. 14], stating that that they "intend[ed] to file a motion, pursuant to 28 U.S.C. §§ 1334(c), 1447(c) and 1452(b), and Fed. R. Bankr. P. 9014 and 9027(d), for remand of this adversary proceeding to [the State Court], or for this Court to abstain from hearing this adversary proceeding."

Upon receipt of the Notice of Intent to Remove, and given the Show Cause Response Deadline of June 19th, I reached out to the Clerk's Office of this Court on June 15, 2026 to determine whether the deadline would still apply in light of the Plaintiffs' stated intention to seek remand to the State Court.  I was advised at that time that, given the impending removal motion and briefing, the briefing schedule on the Show Cause Order set by the State Court would not apply to the Adversary Proceeding.  The following day, on June 16, 2026, the Plaintiff filed a motion seeking remand to the State Court, or alternatively, abstention by this Court (the "Remand Motion") [Adv. Pr. D.I. 15].[1]

On June 18, 2026, as the Plaintiffs themselves had sought by the Summons Request, the Court issued a Summons and Notice of Pretrial Conference in the Adversary Proceeding to the Defendants (the "Summons") [Adv. Pr. D.I. 16].  The Summons includes the same response deadline set forth in the Plaintiffs' Proposed Summons, providing that the Defendants are required to answer or otherwise respond to the Complaint in the Adversary Proceeding within 30 days of issuance, *i.e.* July 17, 2026.

Given the above, the Defendants believe that, notwithstanding Rule 9027(g)(2)(B), the deadline to answer or otherwise respond to the Complaint in the Adversary Proceeding is July 17, 2026, based on (a) the Plaintiffs' Summons Request, which sought the issuance of the Summons from this Court, rather than treating the Show Cause Order as the operative summons pursuant to Rule 9027(g)(2)(B), (b) my understanding from my conversation on June 15th with the Clerk's Office that the Court intended to hear and determine the Remand Motion *prior to* requiring substantive pleadings related to the Complaint and Show Cause Order, and (c) the Clerk's Office's subsequent issuance of the Summons on June 18, 2026, providing for a response within 30 days of issuance as requested by the Plaintiffs.  *See Lawrence v. Willow Point on the Bay (In re Interco Sys., Inc.),* 185 B.R. 447, 455 (Bankr. W.D.N.Y. 1995) ("[W]here a second or supplemental

---

[1] The Remand Motion set a hearing date of July 7, 2026, and objections to the Remand Motion are due today, June 30, 2026.  The Defendants have filed an objection to the Remand Motion.  [Adv. Pr. D.I. 21]



June 30, 2026
Page 3

summons has been requested by the plaintiff and has been issued by the Court against the same defendant in the same adversary proceeding, the defendant is entitled to assume that the supplemental summons supersedes the previously issued summons and that the time to answer the complaint is governed by the provisions of the supplemental summons."). As such, the Defendants respectfully request that the Court direct the Clerk's Office to deny the Plaintiffs' Request for Default.

I am available at the convenience of the Court should Your Honor have any questions.

Respectfully submitted,

*/s/ Seth A. Goldberg*
Seth A. Goldberg

cc:  All Counsel of Record (via ecourts)